NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BESANTE, | : |
| Plaintiff, | : |
| | : Hon. Dennis M. Cavanaugh |
| v. | : |
| | : **OPINION** |
| TRANSPORTATION SECURITY ADMINISTRATION, | : Civil Action No. 06-CV-1470 (DMC) |
| Defendant. | : |

<u>DENNIS M. CAVANAUGH, U.S. District Judge</u>

This matter comes before the Court on motion by the Transportation Security Administration ("Defendant") to dismiss the complaint of John Besante ("Plaintiff"), or in the alternative, for the entry of summary judgment in favor of Defendant. For the reasons set forth below, Defendant's motion for summary judgment is **granted.**

## BACKGROUND

Plaintiff's complaint alleges that he was a passenger on American Airlines flight 2172 with service from the Central American nation of Belize to Miami, Florida on September 1, 2003. Plaintiff complains that the Defendant's negligence caused the loss or destruction of his baggage.

Defendant counters Plaintiff's assertion by explaining it does not normally inspect baggage of arriving passengers. Moreover, Defendant specifically states through sworn

affidavits of its employees that it did not inspect or screen arriving baggage from the flight on which Plaintiff traveled.

## DISCUSSION

Summary Judgment Standard

      Summary judgment eliminates unfounded claims without recourse to a costly and lengthy trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper where "the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

      The burden of showing that no genuine issue of material fact exists rests initially on the moving party.  Celotex, 477 U.S. at 323.  A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case."  Id. at 325.  However, this effort requires more than "simply show[ing] that there is some metaphysical doubt as to material facts."  In evaluating a summary judgment motion a court must view all evidence in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp. 475 U.S. 574, 587 (1986).  The Court's role is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue of fact for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  The substantive law determines which facts are material.  Id. at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id.  No issue for trial exists unless the non-moving party can demonstrate sufficient evidence favoring it, such that a

reasonable jury could return a verdict in that party's favor.  <u>Anderson</u>, 477 U.S. at 249.

<u>Analysis</u>

In support of its motion for summary judgment, Defendant furnishes this Court with affidavits of two of its employees.    Victoria Anne Reeder ("Reeder") works as the Director of Stakeholder Relations for International Programs, Department of Homeland Security at Defendant's headquarters in Arlington, Virginia.  She directs the activities of over twenty of Defendant's representatives stationed in fifteen countries around the world.  In her affidavit, Reeder swears that Defendant did not screen or inspect baggage or persons arriving in the United States on flights originating from Belize or from any other foreign nation on September 1, 2003, unless such persons or baggage were subjected to reverse screening or were checked through by an airline to a connecting flight.

Reeder explains that reverse screening is a security procedure whereby baggage and persons arriving at a domestic airport in the United States are screened and inspected upon arrival. Unless a passenger or baggage is subject to reverse screening, once a passenger collects checked baggage at a domestic airport, even if that passenger's itinerary indicates that he or she will continue to travel the next day to another airport, Defendant will only screen that passenger's baggage if and when he or she checks it for another flight in continuance of his or her journey.

Anita Minaei ("Minaei"), the Assistant Federal Security Director for Screening at Miami International Airport, submitted an additional affidavit on behalf of Defendant.  Minaei explains that her duties include managing and supervising the inspection and screening of all passenger baggage that Defendant screens and inspects at Miami International Airport.  In her affidavit, Minaei swears that Miami International Airport does not screen or inspect baggage or persons

arriving in the United States on flights originating from Belize or from any other foreign nation. Minae swears that she reviewed the records of Defendant at Miami International Airport and the record does not show that Plaintiff's flight received reverse screening.

In explaining the rationale behind the security policy reflected in its employees' affidavits, Defendant states that screening baggage for weapons after passengers have deplaned would have little security benefit.  Plaintiff discovered that his bag was open upon arrival at Miami from Belize.  Therefore, Defendant urges that Plaintiff cannot establish that anyone in the Defendant's employ inspected his bag.

In response to Defendant's arguments and sworn affidavits, Plaintiff no evidence in support of his claim or showing that there is a genuine issue as to any material fact.  Instead, Plaintiff counters Defendants assertions by arguing, "Well, that's what they say.  Perhaps it is true, perhaps it is false."  Plaintiff's response merely alleges a potential factual dispute and falls far short of coming forward "with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd., 898 F.2d at 398.  Plaintiff's pleadings are devoid of any concrete evidence supporting his claim.  Accordingly, summary judgment is proper and will be entered in favor of the Defendant.

## CONCLUSION

Based on the foregoing, Defendant's Motion for summary judgment is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   1-12-07